## W. A. STURGEON & CO. *v.* VAN STUDDIFORD.

CONTRACTS—SALES—BOOK ACCOUNTS—IMPLIED ASSUMPSIT.

Evidence tending to show that defendant, a married woman, selected goods from defendant's stock, which were charged to her, that she made certain admissions and had made payments on account, although defendant showed that she supposed the purchase was charged to her husband, and although a former officer of the plaintiff corporation testified that he extended credit to the husband, presented a question for the jury as to defendant's liability.

Error to Wayne; Mandell, J. Submitted March 2, 1911. (Docket No. 129.) Decided March 31, 1911.

Assumpsit by W. A. Sturgeon & Co. against Grace Van Studdiford for goods sold and delivered. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Lucking, Emmons & Helfman*, for appellant.

*James McNamara*, for appellee.

McALVAY, J.   Suit in this case was brought by plaintiff, a Michigan corporation, engaged in the retail jewelry business in Detroit, for a balance of $428.50 and interest claimed to be due it on an account for jewlery and a chest of silver purchased from it by defendant in the year 1904, amounting to the sum of $1,098.50, upon which payments had been made by her to reduce the account to the balance above stated.   Evidence was offered and received in the case tending to show that the jewelry and silver were selected by defendant, and were sold, delivered, and charged to her, and that the balance claimed was unpaid.   Defendant was sworn as a witness by plaintiff, and from her testimony it appears that she selected and received these goods, and made certain payments on account, and thought the account was paid, and there are in her testimony statements tending to show that she purchased them.   When examined by her attorney, she made statements which are in some respects contradictory to her direct testimony, and that she never knew the goods were not charged to her husband.

William Sturgeon, at the time these goods were sold, was interested in the plaintiff corporation.   Later disagreements and litigation still pending arose, and his connection was severed.   He was called by defendant.   He testified that he had full authority to withhold or extend credit to customers; that Mr. Van Studdiford selected the chest of silver, and brought his wife (the defendant) the next day to see it, at which time they decided to, and did, buy it for $900; that credit for this purchase was extended by him, and it was charged to defendant; that the custom of that business was for the salesman who sold the goods to make a charge ticket, and for these particular goods he made the sale and the charge ticket; that from sales tickets an account would be opened against the purchaser

in the ledger. He also testified that he made the sale to the defendant of a necklace (which she testified was of the value of $2,500 to $3,000 and was afterwards returned), and charged it to her, and so intended, although Mr. Van Studdiford at the time had an account in the store; that it was not charged to the husband, because the wife bought it on her own account, and he opened an account with her. It is admitted that this witness is very friendly with defendant, who during the trial was a guest at his house. The record shows that Mr. Van Studdiford is a bankrupt, and the defendant is divorced from him. There is testimony in the case of other witnesses relative to the correctness of this account as kept in the books; also on the part of defendant tending to show that some of the items were gentlemen's jewelry purchased by the husband.

At the close of the case the court granted a motion of defendant to direct a verdict for defendant. Plaintiff moved for a new trial, for the reason, among others, that the court erred in holding that there was no evidence tending to show that defendant had purchased of plaintiff certain goods for the payment of which she was liable, and to entitle plaintiff to have the case submitted to the jury. This motion was denied. Plaintiff, upon a review of this case in this court, claims that the court erred in directing a verdict for defendant, in refusing to grant a new trial, and also in refusing to admit certain evidence.

The important question in dispute upon the trial before the circuit court was whether defendant or her husband purchased the goods from plaintiff. The plaintiff in this case is entitled to have its case made on the trial taken as true; the verdict having been instructed against it. Considered in the light of this rule, there certainly was evidence in the case tending to support its claim, and sufficient to entitle it to have the case submitted to the jury. To quote from this record, or to cite authorities to sustain this conclusion, is not necessary. The court was in error in directing a verdict for defendant.

As a new trial must be had, it is proper to pass upon an error assigned relative to the exclusion of testimony which was offered tending to impeach the testimony of Mr. Sturgeon, whose testimony it was claimed tended to show that the credit was extended to defendant's husband. This testimony was admissible for this purpose, and vitally important as bearing upon the only question in dispute.

Other errors assigned need not be discussed. The questions involved are not likely to arise upon a new trial.

The judgment is reversed, and a new trial is ordered.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.